**BAILEY ANTHONY DAVIE**                                          **MOVANT/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                                   **RESPONDENT/PLAINTIFF**

## MEMORANDUM AND ORDER

Movant Bailey Anthony Davie filed a *pro se* motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255 (DN 132).  The motion is now before the Court for

preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the

United States District Courts.  Because the motion appears to be barred by the applicable statute

of limitations, the Court will direct Davie to show cause why his motion should not be denied as

untimely.

## I.

After entering a guilty plea, Davie was convicted on November 26, 2012, on one count of

maintaining a drug-involved premises for the purpose of distributing cocaine.  He was sentenced

to 110 months' imprisonment.  Davie did not file a direct appeal of his conviction.  He filed the

instant § 2255 motion on December 15, 2016.[1]

## II.

Section 2255 provides for a one-year limitations period, which shall run from the latest

of:

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on November 26, 2012. The judgment became final on December 10, 2012, upon the expiration of the fourteen-day period for filing a notice of appeal. Davie had one year, or until December 10, 2013, in which to timely file a motion under § 2255. Accordingly, Davie's motion was filed approximate three years after the statute of limitations expired. Under § 2255(f), therefore, Davie's motion appears to be time-barred and subject to summary dismissal.

As the sole ground in support of his motion, Davie states, "In light of Mathis and Hinkle, petitioner conviction for trafficking in a controlled substance no longer qualify as a predicate offense for the career offender enhancement." Thus, the Court construes the motion as challenging Davie's classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

However, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Box v. United States*, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that *Mathis* "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[]'") (quoting 28 U.S.C. § 2255(h)(2)); *Atkinson v. United States*, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"); *United States v. King*, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5 (S.D. Ohio Mar. 14, 2017) (concluding that "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . .").

Moreover, to the extent that Davie relies on *United States v. Hinkle*, the Fifth Circuit decided that case on direct appeal and not on collateral review. 832 F.3d at 570. Therefore, the case does not demonstrate that *Mathis* should apply retroactively to cases on collateral review.

Accordingly, Davie's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Davie has not alleged facts in his motion or memorandum in support which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Before dismissing the motion as time-barred, the Court will provide Davie with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### III.

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum and Order, Davie must **SHOW CAUSE** why the § 2255 motion to vacate, set aside or correct his sentence should not be dismissed as barred by the applicable one-year statute of limitations.

**<u>Davie is WARNED that failure to respond within the time allotted will result in denial of the motion for the reasons set forth herein.</u>**

Date:

cc:     Movant/Defendant, *pro se*
           United States Attorney
4413.010